## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MOUNIRA DOSS, individually and on
behalf of all others similarly situated,

    Plaintiff,                                    **CASE No.**

    v.

GENERAL MILLS, INC.

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Mounira Doss, individually, and on behalf of all others similarly situated, by and through undersigned counsel, files this Class Action Complaint, and alleges against Defendant, General Mills, Inc., as follows:

## INTRODUCTION

1. General Mills boasts that Cheerios are "wholesome goodness for toddlers and adults;" that its "oats are the only major breakfast cereal grain proven to help lower cholesterol;" that its "grain-based foods provide essential fuel and are a major source of iron, fiber and essential B vitamin;" and that Cheerios "is a perfect, crunchy snack anytime."[1] Many consumers, like Plaintiff, once agreed. But recent testing confirmed that Cheerios and other General Mills products contain glyphosate, which the World Health Organization classifies as a "probable human carcinogen." Glyphosate is even more dangerous for children, whose bodies are more sensitive to exposure, leaving them more vulnerable to carcinogens. Had Plaintiff known that Cheerios contained glyphosate, she would never have purchased them. Plaintiff seeks class-wide redress.

---

[1] "Cheerios[:] Waking up America for more than 75 years." at
https://www.generalmills.com/en/Brands/Cereals/cheerios (last visited August 15, 2018).

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Mounira Doss, resides in Broward County, Florida and is a citizen of the State of Florida. Plaintiff purchased Cheerios and Honey Nut Cheerios in the class period. At all times relevant, Plaintiff was unaware that these products contained or could contain glyphosate. Had she known that these products contained or could contain glyphosate, she would not have purchased them. Plaintiff incurred losses and damages as a result of the activities alleged herein. Plaintiff has suffered injury-in-fact for which she is entitled to seek monetary damages.

3. Defendant, General Mills, Inc. (General Mills or Defendant), is a Delaware corporation and its principal place of business is in Minnesota. General Mills has been and still is engaged in the business of manufacturing, promoting and selling Cheerios and Honey Nut Cheerios. These products are sold throughout the United States.

4. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C.§ 1332(d), because a member of the Plaintiff Class is a citizen of the State of Florida, Defendant is a citizen of the State of Delaware or Minnesota, there are currently 100 or more class members, and the aggregate amount in controversy will exceed $5,000,000.00.

5. The Court has personal jurisdiction over Defendant because it does business in the Southern District of Florida and has sufficient minimum contacts with this District. Defendant intentionally avails itself of the markets in this State through the promotion, marketing, and sale of Cheerios to render the exercise of jurisdiction by this Court permissible under Florida law and the U.S. Constitution.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 (b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims at issue

in this Complaint arose in this District and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## GENERAL FACTUAL ALLEGATIONS

**A. Glyphosate, Carcinogenic to Human Health, Is Present In Cheerios**

7. Glyphosate is an herbicide that is used on hundreds of crops, including corn and soybeans. It is the most heavily used chemical weedkiller in food and agricultural production.

8. Each year, more than 300 million pounds of glyphosate-based herbicides are sprayed on food crops across the United States.

9. Increasingly, glyphosate is also sprayed on oats just before they are harvested.

10. Scientific evidence shows that even ultra-low levels of glyphosate may be harmful to human health. Research shows that exposure to glyphosate can be cancerous, alter and damage the body's hormones, kidney and liver.

11. The International Agency for Research on Cancer, part of the World Health Organization, classifies glyphosate as "probably carcinogenic to humans." IARC noted there was limited evidence of carcinogenicity in humans for non-Hodgkin lymphoma, and that there was convincing evidence that glyphosate can cause cancer in laboratory animals.[2]

12. The State of California listed glyphosate as a chemical "known to cause cancer."[3]

13. Various organizations tested food made of glyphosate-sprayed crops to determine whether the food contained glyphosate, and if so, at what levels.

---

[2] IARC Monographs Volume 112: evaluation of five organophosphate insecticides and herbicides, March 20, 2015 at http://www.iarc.fr/en/media-centre/iarcnews/pdf/MonographVolume112.pdf (last visited August 15, 2018).
[3] *See* Glyphosate at https://oehha.ca.gov/proposition-65/chemicals/glyphosate (last visited August 15, 2018).

14.     For example, the nonprofit Food Democracy Now published a study in 2016 that found glyphosate levels of 1,125.3 parts per billion in Cheerios and 670.2 ppb in Honey Nut Cheerios.[4]

15.     The Center For Environmental Health followed with a study testing samples of various cereal brands and found glyphosate levels ranging from 300 ppb to more than 2,000 ppb.[5] That study found glyphosate levels of 557 ppb in Honey Nut Cheerios.

16.     Most recently, on August 15, 2018, the Environmental Working Group (EWG), a nonprofit organization dedicated to protecting human health and the environment, published its study examining glyphosate in various products made with conventionally grown oats. The EWG study found glyphosate in 43 out of 45 tested samples.[6] In 31 of those samples, glyphosate was detected above EWG's health benchmark of 160 ppb. Three samples of Cheerios had glyphosate levels ranging from 470 ppb to 530 ppb.

**B.      General Mills Fails to Inform Consumers Cheerios Contain Glyphosate**

17.     Cheerios are made with oats. General Mills informs consumers that oats are rich in nutrients, like fiber and protein. General Mills says that Cheerios are "packed with nutrients."[7]

18.     General Mills further tells consumers:

- Cheerios are wholesome goodness for toddlers and adults.
- Oats are the only major breakfast cereal grain proven to help lower cholesterol.
- Cheerios is a perfect, crunchy snack anytime.

---

[4] Murphy, David et al. Glyphhosate: Unsafe On Any Plate, Alarming Levels Of Monsanto's Glyphosate Found In Popular American at
https://s3.amazonaws.com/media.fooddemocracynow.org/images/FDN_Glyphosate_FoodTesting_Report_p2016.pdf (last visited August 15, 2018)
[5] Glyphosate in Popular Cereals at https://www.ceh.org/glyphosate-popular-cereals/ (last visited August 15, 2018)
[6] EWG's Children's Health Initiative, "Breakfast With a Dose of Roundup?" August 15, 2018, at https://www.ewg.org/childrenshealth/glyphosateincereal/#.W3TTbPZFw2w (last visited August 15, 2018).
[7] "Oats Matter" at https://www.cheerios.com/oats/ (last visited August 15, 2018).

- [Cheerios are] Wholesome little O's.

- [Cheerios are] Gluten free.

- [Cheerios are] With one gram of sugar.

19. Cheerios' ingredients are: whole grain oats, corn starch, sugar, salt, tripotassium phosphate, and Vitamin E.

20. General Mills fails to tell consumers that Cheerios, including Honey Nut Cheerios, contain glyphosate.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself, a Nationwide Class and a Florida Class of similarly situated individuals. The Nationwide Class is defined as: All persons who purchased Cheerios or Honey Nut Cheerios in the United States. The Florida Class is defined as all persons in the State of Florida who purchased Cheerios or Honey Nut Cheerios.

22. The Nationwide Class, the Florida Class, and their members are sometimes referred to as "Class" or "Classes."

23. Excluded from the Class are: Defendant; any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant; Defendant's legal representatives, assignees, and successors; the Judge to whom this case is assigned and any member of the Judge's immediate family.

24. Numerosity: The Class consists of many thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

25. Commonality: There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

   a. Whether Defendant violated state consumer protection laws;

   b. Whether Defendant has been unjustly enriched;

   c. Whether Plaintiff and class members have sustained damages and, if so, the proper measure thereof;

   d. Whether Plaintiff and Class members are entitled to restitution, and, if so, the proper measure thereof;

   e. Whether Plaintiff and Class members are entitled to injunctive relief.

26. Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff suffered the same injury as class members – she purchased Cheerios and Honey Nut Cheerios unaware they contained glyphosate, and had she known otherwise, she would not have purchased them.

27. Adequacy: Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained competent and capable attorneys experienced in complex and class action litigation, including consumer class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resourced to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with the Class.

28. Predominance: The common issues that comprise the basis for this lawsuit predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

29. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy for at least the following reasons:

   a. Absent a class action, class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without

remedy, additional consumers will be harmed, and Defendant will continue to retain its ill-gotten gains;

b. It would be a substantial hardship for most individual class members if they were forced to prosecute individual actions;

c. Once Defendant's liability has been adjudicated, the Court will be able to determine the claims of all Class members;

d. A class action will permit an orderly and expeditious administration of the claims, foster economies of time, effort and expense, and ensure uniformity of decisions;

e. The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

f. Defendant has acted on grounds generally applicable to class members, making class-wide relief appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of Florida's Deceptive & Unfair Trade Practices Act**
**(Brought on behalf of the Florida Class)**

30. Plaintiff brings this claim on behalf of the Florida Statewide Class (the "Florida Class").

31. The Florida Class are "consumers" within the meaning of the Florida Unfair and Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203(7).

32. Defendant is engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

33. The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...."

Fla. Stat. § 501.204(1). Defendant participated in unfair and deceptive trade practices that violated the FDUTPA as described herein.

34. In the course of business, Defendant failed to disclose or actively concealed information reasonable consumers need to know before purchasing Defendant's products.

35. As alleged above, Defendant knew or should have known that Cheerios and Honey Nut Cheerios contained glyphosate but withheld this information from consumers and the general public. The Florida Class was deceived by Defendant's omission into believing that Cheerios and Honey Nut Cheerios are safe or free of glyphosate.

36. Defendant owed consumers a duty to disclose the presence of glyphosate in Cheerios and Honey Nut Cheerios.

37. As alleged above, Defendant made material statements about the safety of Cheerios that were wither false or misleading.

38. Defendant knew or should have known its conduct violated the FDUPTA.

39. Defendant's unfair or deceptive acts or practices were likely to deceive reasonable consumers, including the Florida Class, about the true nature of Cheerios and Honey Nut Cheerios.

40. The Florida Class suffered ascertainable loss caused by Defendant's failure to disclose material information. But for Defendant's deceptive and unfair conduct, Plaintiff and the Florida Class would not have purchased Cheerios or Honey Nut Cheerios.

41. As a direct and proximate result of Defendant's FDUPTA violations, Plaintiff and the Florida Class suffered injury in fact and actual damages.

42. Plaintiff and Florida Class also seeks an order enjoining Defendant's unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under the FDUPTA.

## SECOND CAUSE OF ACTION
### Breach of Warranty
**(Brought on behalf of the Nationwide Class)**

43. As alleged above, Defendant warrants, among other things, that Cheerios are "wholesome goodness for toddlers and adults." Defendant further publishes a list of ingredients contained in Cheerios and Honey Nut Cheerios.

44. Cheerios and Honey Nut Cheerios are not sold as warranted because they contain glyphosate, a known or probably carcinogen, which Defendant failed to inform consumers.

45. Plaintiff and Class members purchased Cheerios and Honey Nut Cheerios unaware that they contained glyphosate.

46. But for Defendant's breach of warranty, Plaintiff and the Class would not have purchased Cheerios or Honey Nut Cheerios.

47. As a direct and proximate result of Defendant's breach of warranty, Plaintiff and the Class suffered injury in fact and actual damages.

## THIRD CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability
**(Brought on Behalf of the Nationwide Class)**

48. As alleged above, Defendant warranted that Cheerios and Honey Nut Cheerios are, among other things, "wholesome goodness for toddlers and adults."

49. Thus, Defendant warranted that Cheerios and Honey Nut Cheerios were reasonably fit for the intended use of food consumption.

50. Because Cheerios and Honey Nut Cheerios contain glyphosate, they are not reasonably fit for the uses intended or reasonably foreseeable.

51. Plaintiff and Class members purchased Cheerios and Honey Nut Cheerios unaware that they contained glyphosate.

52. But for Defendant's breach of warranty, Plaintiff and the Class would not have purchased Cheerios or Honey Nut Cheerios.

53. As a direct and proximate result of Defendant's breach of warranty, Plaintiff and the Class suffered injury in fact and actual damages.

### FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (Brought on Behalf of the Nationwide Class)

54. As a result of Defendant's unlawful conduct described above, Defendant was enriched at the expense of Plaintiff and the Class.

55. Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiff and the Class. Thus, it would be unjust and inequitable for Defendant to retain the benefit without restitution to Plaintiff and the Class for monies paid to Defendant for Cheerios or Honey Nut Cheerios.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself individually and on behalf of all Class members, seek the following relief against Defendant:

A. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, and finding Plaintiff is a proper representative of the Class;

B. An order awarding Plaintiff and the proposed Class members damages, and punitive damages in the amount to be determined at trial;

C. An order awarding restitution and disgorgement of Defendant's revenues from the products to Plaintiff and the proposed Class members;

D. An order awarding attorneys' fees and costs to Plaintiff;

  E. An order awarding declaratory relief and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

  F. An order providing for all other such relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 16, 2018         s/Jeffrey L. Haberman

                 **SCHLESINGER LAW OFFICES, P.A.**
                 Scott P. Schlesinger
                 Jonathan R. Gdanski
                 Jeffrey L. Haberman
                 1212 SE Third Avenue
                 Ft. Lauderdale, FL 33316
                 scott@schlesingerlaw.com
                 jgdanski@schlesingerlaw.com
                 jhaberman@schlesingerlaw.com
                 954-467-8800